O

# United States District Court
# Central District of California

| | |
|---|---|
| NORMA LEYBA,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>        Defendant. | Case № 2:20-cv-07604-ODW (Ex)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [26]** |

## I. INTRODUCTION

Plaintiff Normal Leyba brings this slip-and-fall action against Defendant Walmart, Inc. asserting claims for negligence and premises liability. (Compl., ECF No. 9.) Walmart moves for summary judgment on all claims. (Mot. Summ. J. ("Motion" or "Mot."), ECF No. 26.) For the following reasons, the Court **GRANTS** Defendant's Motion.[1]

## II. BACKGROUND

This action arises from injuries Leyba sustained on May 1, 2018 at a Walmart store in Paramount, California, where she slipped and fell in an action alley[2] in the toy

---

[1] The Court carefully considered the papers filed in connection with the Motion and deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

[2] The term "action alley" has various meanings in the retail industry but generally refers to a corridor of a retail store prone to a high volume of foot traffic.

department. (Opp'n Mot. ("Opp'n") 2, ECF No. 39.) Four minutes prior to the incident, Walmart Associate Zackary Richards walked through the action alley, passing over or close to the place where Leyba later fell. (Notice of Lodging Ex. A ("Video") 3:53:05–3:53:12, ECF No. 31.) Richards did not stop or otherwise attend to the floor as he walked past. (*Id.*; *see* Decl. Zackary Richards ("Richards Decl.") ¶ 13, ECF No. 30.) After this, in the four minutes preceding Leyba's fall, eight individuals also walked through the action alley, over or near the location where Leyba eventually fell. (Video 3:53:12–3:57:32.) At 3:57:32 p.m., Leyba walked through the action alley and slipped and fell onto the floor. (Def.'s Statement of Uncontroverted Facts ("SUF") 5, ECF No. 27; Pl.'s Statement of Genuine Disputes ("SGD") 5, ECF No. 40.) Leyba alleges and asserts she fell on a clear liquid substance, but she does not know who caused the spill or how long the substance was present on the floor. (Compl. ¶ 13; SGD 8.)

Leyba initiated this action for negligence and premises liability under California law against Walmart in the Superior Court of the State of California, County of Los Angeles, and Walmart subsequently removed the action to this Court. (*See* Compl.; Notice of Removal ("NOR"), ECF No. 1.) Walmart now moves for summary judgment, arguing primarily that Leyba cannot demonstrate a genuine dispute about whether Walmart had constructive notice of the spill. (Mot. 6–7.)

### III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, including when the movant submits video evidence, "so long as [the nonmoving party's] version of the facts is not blatantly contradicted by the video evidence." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citing *Scott v. Harris,* 550 U.S. 372, 378 (2007)). A disputed fact is "material" where the resolution of that fact might affect

the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the court should grant summary judgment unless the nonmoving party demonstrates facts sufficient to establish a genuine dispute of material fact. *Id.* at 322–23. In meeting its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

"Conclusory" or "speculative" testimony is "insufficient to raise genuine issues of fact and defeat summary judgment." *See Hous. Rts. Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1183 (C.D. Cal. 2004). Instead, the non-moving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Franciscan Ceramics*, 818 F.2d at 1468 (quoting *Anderson*, 477 U.S. at 250) (emphasis omitted). Though the Court may not weigh conflicting evidence or make credibility determinations, a plaintiff must ultimately provide more than a "scintilla" of contradictory evidence to avoid summary judgment. *Anderson*, 477 U.S. at 251–52; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## IV. DISCUSSION

Walmart moves for summary judgment on the grounds that Leyba cannot prove Walmart had actual or constructive notice of the spill in the action alley. (*Id.* at 6–7) Leyba concedes in the opposition that she has no evidence that Walmart had actual notice of the spill. (*See* Opp'n 1, 6–8; SGD 9.) The remaining issue, therefore, is constructive notice, and specifically (1) whether Walmart meets is burden of demonstrating it had no constructive notice, and (2) whether Leyba submits evidence

sufficient to raise a genuine dispute about this issue.

### A. Premises Liability and Negligence

Under California law, to establish liability for negligence, a plaintiff must prove: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; (3) causation; and (4) damages. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). "Premises liability is a form of negligence" in which a property owner has "a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm." *Brooks v. Eugene Burger Mgmt. Corp.*, 215 Cal. App. 3d 1611, 1619 (1989).

Generally, a property owner who knows or should know of a dangerous condition that could expose visitors to an unreasonable risk of harm owes a duty of ordinary care to make the condition safe or warn visitors. *Bridgman v. Safeway Stores, Inc.*, 53 Cal. 2d 443, 446 (1960). Retail store owners in particular exercise ordinary care by "making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Ortega*, 26 Cal.4th at 1205.

"While under some circumstances, negligence may be inferred from the existence of a dangerous condition, the burden rests upon the plaintiff to show the existence of a dangerous condition, and that the defendant knew or should have known of it." *Harpke v. Lankershim Ests.*, 103 Cal. App. 2d 143, 145 (1951). Under this standard, a defendant owes a duty to an injured plaintiff when it had actual or constructive notice of the dangerous condition.

The California Civil Code defines constructive notice by providing that "[e]very person who has actual notice of circumstances sufficient to put a prudent [person] upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, [he or she] might have learned such fact." Cal. Civ. Code § 19. In slip-and-fall cases, the key observation is that the longer a dangerous condition is present, the more likely a prudent store owner, in

exercising reasonable care to keep the store safe for customers, would have become aware of the condition and remedied it. Thus, in slip-and-fall cases, whether a store owner has constructive notice hinges primarily on how long the dangerous condition was present before the plaintiff injured herself on it. *See Garcia v. Target Corp.*, No. CV 15-05525-AB (FFMx), 2016 WL 7637662, at *3 (C.D. Cal. April 26, 2016).

## B. The Parties' Burdens on Summary Judgment

To prevail on summary judgment, Walmart must negate at least one of the elements of Leyba's claims for negligence and premises liability or otherwise show that she cannot establish her claims. Here, Walmart contends Leyba cannot establish the element of duty because she cannot show Walmart had constructive notice of the dangerous condition. (Mot. 6–7.) The Court concludes that Walmart is entitled to summary judgment because it presents evidence establishing that the dangerous condition was present for no longer than four minutes and twenty seconds, and Leyba's evidence fails to meaningfully refute or contradict Walmart's showing.

*1.    Walmart establishes the alleged dangerous condition was present for no longer than four minutes and twenty seconds.*

Walmart presents evidence sufficient to establish that, to the extent it was present at all, the clear substance on which Leyba slipped was present on the floor for no longer than four minutes. Walmart's principal offerings are the video surveillance footage and the declaration of Walmart Associate Richards.

Richards, having viewed the surveillance footage, identifies himself between timestamps 3:53:05 and 3:53:12 walking through the action alley where Leyba slipped and fell. (*Id*. ¶ 8.) As a Walmart employee, Richards was trained to identify, respond to, and remove potential slip hazards such as liquid spills. (Richards Decl. ¶¶ 1–2.) Yet, as he walked past the area where Leyba fell, Richards did not notice any substances or spills on the floor. (*Id*. ¶ 13.)

After Richards, in the four minutes preceding the incident, an additional eight customers walked through the action alley over or near the location where Leyba

slipped and fell. (*Id.* ¶ 9.) This evidence strengthens Walmart's demonstration that there was no liquid slip hazard on the floor until a very short time before Leyba fell. Walmart further points out that Leyba does not dispute that she "does not know who created the spill or how long the substance was present on the floor." (SGD 8.) Taken together, this constitutes sufficient evidence for Walmart to meet its initial burden of establishing that there was no spill on the floor at 3:53:12, exactly four minutes and twenty seconds before Leyba fell. In other words, Walmart establishes that the dangerous condition was present for no longer than four minutes and twenty seconds.

"While California courts have not set forth a specific time period that constitutes adequate care, the relevant cases all concern time periods of a half hour or longer between inspection and accident." *Eidem v. Target Corp.*, No. EDCV 10-01000 VAP (DTBx), 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) (collecting cases). Thus, by showing that the dangerous condition was present for no longer than four minutes and twenty seconds, Walmart demonstrates that it had no constructive notice of the spill and accordingly meets its initial burden of negating both of Leyba's claims.

> 2. *Leyba does not establish a genuine dispute about the length of time the dangerous condition existed.*

At trial, Leyba will bear the burden of demonstrating constructive notice, and accordingly, she presently bears the burden of demonstrating a genuine dispute regarding the factual question of how long the spill was present before she fell. *See Celotex*, 477 U.S. at 322. To demonstrate a genuine dispute, Leyba cannot simply rest on the pleadings or argue that some metaphysical doubt about a material issue of fact precludes summary judgment. *See id.* at 322–23.

Leyba fails to refute Walmart's evidence or otherwise suggest the presence of a dangerous condition for a sufficient length of time to raise a triable issue regarding constructive notice. Leyba offers the same video evidence offered by Walmart, and

asserts, with the support of an expert declaration, that the video demonstrates that Richards did not conduct an inspection at 3:53:05 p.m. because his head is not looking down at the floor.[3] (SGD 2–4, 6, 10, 17; Decl. Gary White ¶¶ 17–18.) Leyba argues this means that whether an inspection occurred is a genuine, triable issue, and that, correspondingly, whether there was indeed a spill on the floor at the time Richards walked by is also a genuine, triable issue. (Opp'n 2.) In making this argument, however, Leyba draws too fine a distinction between inspecting an area and walking past it. It may be that a jury could ultimately find that Richards was not actively and intentionally scanning the floor for spills. But Walmart's showing that no spill existed at the time Richards walked past is not based solely on an assertion that Richards was actively scanning. Instead, it is based on evidence showing that (1) a trained employee walked past the area and neither fell nor noticed anything amiss and (2) eight additional people walked past the area without incident in the four minutes between Richards's inspection and Leyba's fall. A finding that Richards was not actively scanning would do nothing to controvert either aspect of Walmart's showing and would therefore not provide any reasonable basis for concluding that a liquid substance was on the floor at the time Richards walked through the action alley. For this reason, the dispute about whether Richards was actively scanning is not material.

Leyba does not dispute that Richards was trained to inspect for dangerous conditions such as spills, (SUF 10), and she also does not dispute that eight people walked through the same action alley in the four minutes before she fell, (SUF 6). Thus, Walmart's demonstration that the dangerous condition was present for no longer than four minutes and twenty seconds is uncontroverted by any evidence Leyba submits. Leyba's speculation about whether Richards actually inspected the floor does not constitute affirmative evidence suggesting that a dangerous condition was

---

[3] White does not appear to be the proper expert to opine on this issue in the first place. White is a retail industry and store consultant. (White Decl. ¶ 1.) It is unclear what expertise supports his analysis of Richards's "posture and head movement." (*Id.* ¶ 18.) There is no indication, for example, that White has expertise in anatomy or kinesiology.

present for any longer than four minutes and twenty seconds. *Garcia*, 2016 WL 7637662, at *3 (granting Target's motion for summary judgment after finding that, even if reasonable minds could differ as to whether the Target employee actually inspected the area where the plaintiff fell, plaintiff had no affirmative evidence to show an inspection did not occur); *cf. Thornhill*, 594 F.2d at 738 ("Conclusory or speculative testimony . . . is insufficient to raise genuine issues of fact and defeat summary judgment.").

District courts applying California law generally agree that a retail store owner does not have constructive notice until a slip-and-fall hazard is present for at least thirty minutes. *See Eidem*, 2011 WL 3756144, at *9 (collecting cases and granting Target's motion for summary judgment where the employee inspected the area fifteen minutes before the accident). Here, four minutes and twenty seconds is almost a full order of magnitude less than thirty minutes, and Leyba thus fails to carry her burden to establish that the dangerous condition was present for a sufficient time to create a triable issue as to constructive notice. *See Alacan v. Target Corp.*, No. CV 14-04564-AB (VBKx), 2015 WL 10945603, at *3 (C.D. Cal. June 26, 2015) (granting Target's motion for summary judgment where the employee inspected the area seven minutes before the accident). This means that Leyba fails to demonstrate a genuine dispute of fact regarding constructive notice, and Walmart is accordingly entitled to judgment as a matter of law.

///
///
///
///
///
///
///
///

## V. CONCLUSION

For these reasons, the Court **GRANTS** Walmart's Motion for Summary Judgment. (ECF No. 26.) The Court will issue a judgment of dismissal consistent with this Order.

**IT IS SO ORDERED.**

March 10, 2022

---
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**